IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ATILANO RODRIGUEZ, AZUCENA MARTINEZ PAHUA, and ONOFRE VALENCIA GONZALEZ, <br><br>on behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>Pro-Health, LLC, <br><br>Defendant. | Case No.: |

**CLASS ACTION COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*.**

Plaintiffs Atilano Rodriguez, Azucena Martinez Pahua, and Onofre Valencia Gonzalez ("Plaintiffs"), on behalf of themselves and a putative class of similarly situated employees, allege the following against Pro-Health, LLC ("Defendant" or "Pro-Health").

**INTRODUCTION**

1. Plaintiffs are former employees of Pro-Health, which owns a large potato processing plant in Wray, Colorado. Plaintiffs bring this case under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, a law that protects workers from mass layoffs without good cause. Plaintiffs allege that Pro-Health fired them and more than 50 other similarly situated immigrant workers, without good cause and without notice, for the purpose of replacing them with workers employed under H-2A guestworker visas, who may be more easily exploitable because their visa ties them to their employer, limiting their ability to move to better jobs.

2. Plaintiffs each worked for Pro-Health for several years, sorting and processing potatoes for up to 90 hours per week. Throughout the early part of the pandemic in 2020 and 2021, workers at Pro-Health, including Plaintiffs, became increasingly concerned about their working conditions. Pro-Health decreased the length of their rest breaks from 15 minutes to 10 minutes for every four hours of work. Pro-Health told Plaintiffs and other Pro-Health workers that they could only use the bathroom during these breaks, but at various points during Plaintiffs' employment, Pro-Health provided only one men's bathroom for over 40 men and dangerous and unsanitary women's bathrooms without functioning doors.

3. Throughout this period, upon information and belief, Pro-Health made various efforts to obtain H-2A visa workers to replace its existing workforce. When the company learned that it had been granted such visas, it moved swiftly to replace much of its workforce, including Plaintiffs.

4. Plaintiffs bring this action on behalf of themselves, and the other similarly situated former employees of Defendant who were terminated without cause, as part of, or as the foreseeable result of that mass layoff ordered by Defendant around March 22, 2021, and within thirty (30) days of that date.

5. Plaintiffs and the other similarly situated former employees were not given 60 days' notice in advance of their terminations nor were they paid 60 days' wages and benefits in lieu of notice.

6. Plaintiffs seek to recover on behalf of themselves and all similarly situated employees 60 days' wages and benefits from Defendant because they were not provided 60 days advance written notice of their terminations, as required by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

8. Violations of the WARN Act alleged here occurred in Wray, Colorado and venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiffs*

9. At all relevant times, Plaintiff Atilano Rodriguez was employed by Pro-Health, LLC, and worked as a maintenance worker at its facility located at 36635 A St. Wray, Colorado 80758 (the "Facility").

10. At all relevant times, Plaintiff Azucena Martinez Pahua was employed by Pro-Health, LLC, and worked as a sorter at the Facility.

11. At all relevant times, Plaintiff Onofre Valencia Gonzalez was employed by Pro-Health, LLC, and worked as a quality control inspector at the Facility.

12. On or about March 22, 2021, Plaintiffs were terminated from their employment with Defendant.

13. Each of the Plaintiffs was terminated without cause.

### *Defendant*

14. Defendant processes produce, including potatoes, in Colorado.

15. Defendant is a limited liability company registered in Colorado and operates the Facility.

16. At all relevant times, Defendant conducted business in this District.

17. Defendant's headquarters are located at 2210 Bush Drive Ste. 200, McKinney,

Texas 75070.

18. At all relevant times, Plaintiffs and other similarly situated former employees worked at the Facility.

19. On or about March 16, 2021, Plaintiffs and the other similarly situated employees received a written communication from Defendant stating that each employee who received such communication was required to provide proof of their authorization to work in the United States as a condition to continue their employment.

20. The March 16, 2021 written communication gave Plaintiffs and the other similarly situated employees the deadline of March 19, 2021 to provide proof of authorization to work in the United States.

21. On or about March 18, 2021, Defendant held a meeting with Plaintiffs and the other similarly situated employees during which Defendant explained that the request for each employee to provide proof of authorization to work in the United States was due to a U.S. Immigration and Customs Enforcement Agency ("ICE") audit of employees at the Facility (the "March 2021 ICE Audit").

22. Upon information and belief, the written communication was a pretext to terminate the Plaintiffs and the other similarly situated employees without 60 days' notice, since ICE had not carried out an audit of the Facility in March 2021 nor requested that Defendant provide the agency with the immigration status of its employees at the Facility.

23. Instead, upon information and belief, ProHealth sought to replace its workforce, including Plaintiffs, with non-immigrant guestworkers on H-2A visas. It had already sought and obtained approval to employ such H-2A guestworkers at the Facility when it contrived the March 2021 ICE Audit.

4

24. H-2A workers are more easily exploitable than other workers because their visas tie them to their employer, limiting their ability to seek better jobs. Additionally, upon information and belief, it was cheaper for ProHealth to employ guestworkers at the Facility than to retain its workforce, including Plaintiffs, who had been working at the Facility for many years, in some cases for more than a decade.

25. An estimated 50 employees who worked at the Facility were terminated on or about March 22, 2021 or within 30 days of that date.

26. Upon information and belief, Defendant fired Plaintiffs and the other similarly situated employees on or about March 22, 2021 without giving them 60 days' notice.

27. Upon information and belief, each of the other similarly situated employees terminated on or about March 22, 2021 was terminated without cause on his or her part.

## CLASS ALLEGATIONS

28. Plaintiffs bring a Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at the Facility and were terminated without cause on or about March 22, 2021, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff by Defendant on or about March 22, 2021 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

29. There are approximately 50 people or more in the Class identified above (the "Class Members"). Therefore, joinder is impracticable.

5

30. On information and belief, the identity of the members of the Class and the recent residence address of each Class Member is contained in the books and records of Defendant.

31. The rate of pay and benefits that were being paid by Defendant to each Class Member at the time of their termination is contained in the books and records of Defendant.

32. Common questions of law and fact exist as to the Class Members, including, but not limited to, the following:

(a) whether Class Members were employees of Defendant who worked at or reported to the Facility;

(b) whether Defendant unlawfully terminated the employment of the Class Members without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the Class Members 60 days wages and benefits as required by the WARN Act.

33. Plaintiffs' claims are typical of those of the Class. Plaintiffs, like other WARN Class Members, worked at the Facility and were terminated without cause by Defendant on or about March 22, 2021, in a mass layoff and/or plant closing, as defined by 29 U.S.C. § 2101(a)(2), (3) or as the reasonably foreseeable result of the mass layoff or plant closing on that date.

34. Plaintiffs' claims are typical of those of the Class, in that all the Class Members were deprived of 60 days wages and benefits in the same manner.

35. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

36. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

38. Plaintiffs intend to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

39. Plaintiffs seek a jury trial on all claims that may be tried by a jury.

## **CLAIMS FOR RELIEF**

### **First Cause of Action: Violation of the WARN Act, 29 U.S.C. § 2104**

40. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

41. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

42. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business enterprise until they decided to effect a mass layoff or plant closing at the Facility.

43. On or about March 22, 2021, Defendant effected a mass layoff at the Facility.

44. The mass layoff at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as more than thirty-three percent (33%) of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

45. Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

46. Plaintiffs and the WARN Class Members are "affected employees" of Defendant within the meaning of 29 U.S.C. § 2101(a)(5).

47. Defendant was required by the WARN Act to give the Plaintiffs and the WARN Class Members at least 60 days advance written notice of their terminations.

48. Defendant failed to give the Plaintiffs and the WARN Class members written notice that complied with the requirements of the WARN Act.

49. Plaintiffs and each of the Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

50. Defendant failed to pay Plaintiffs and each of the WARN Class Members their respective wages for 60 days following their respective terminations, and failed to provide employee benefits for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as the Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment against Defendant and in favor of the Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

E. Interest as allowed by law on the amounts owed under the preceding paragraphs;

F. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), as well as applicable state law providing for attorneys' fees; and

G. Such other and further relief as this Court may deem just and proper.

Dated:  April 13, 2023

Respectfully submitted,

|      |                              |
|------|------------------------------|
| By:  | /s/ *David Seligman*         |

David Seligman
Juno Turner
Natasha Viteri
**Towards Justice**
PO Box 371680, PMB 44465
Denver, CO 80237-5680
Telephone: (720) 441-2236
Email: david@towardsjustice.org
Email: juno@towardsjustice.org
Email: natasha@towardsjustice.org


Jack A. Raisner
René S. Roupinian
Gail C. Lin
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com
Email: gcl@raisnerroupinian.com

*Attorneys for Plaintiffs and the putative Class*

10